UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QUEEN MOTHER CHARLOTTE FRANKLIN, | Case No. 1:25-cv-517 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| JACKIE JOHNSON, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On July 25, 2025, Plaintiff Queen Charlotte Franklin moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been conditionally granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

2

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Complaint

Before reviewing Plaintiff's latest complaint, the Court takes judicial notice of Plaintiff's prior litigation in this Court.

### A. Plaintiff's Extensive Prior History of Frivolous Cases

Between Plaintiff's first pro se appearance in this Court on December 30, 2022 and the end of 2024, this Court dismissed four complaints filed by Plaintiff as frivolous under applicable screening standards, expressly warning her in one of those cases that she could face pre-filing sanctions if she were to be deemed to be a vexatious litigator. The Sixth Circuit subsequently dismissed her appeals, although Plaintiff recently filed new "notices of appeal."[1] *See e.g.*, *Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL (case dismissed, untimely appeal dismissed on 4/16/25 for lack of jurisdiction, new notice of appeal filed 7/25/25); *Franklin v. Hamilton County Sheriffe*, No. 1:24-cv-610-DRC-SKB (case dismissed without prejudice on 4/11/25 for lack of subject matter jurisdiction with this Court formally warning Franklin that "filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator," notice of appeal filed 7/25/25); *Franklin v.*

---

[1] On July 25, 2025, the same date that she initiated this lawsuit, Plaintiff filed notices of appeal in nearly all of her dismissed cases. Nearly all of the notices appear to be well beyond the 30 days typically permitted for appeal. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1). But Plaintiff has also tendered a Notice of Appeal in the above-captioned case. As discussed below, the latter Notice is premature.

3

*Dieffenbach*, No. 1:24-cv-524-JPH-SKB (case dismissed by this Court, *in forma pauperis* denied based on "frivolous" nature of appeal, appeal dismissed on 6/6/25 for failure to pay filing fee, new notice of appeal filed 7/25/25); *Franklin-Samuels v. Soc. Sec. Admin.*, et al., No. 1:22-cv-775-MWM-KLL (case dismissed, motion to reopen denied, no appeal filed).

Between January 31, 2025 and February 11, 2025, Plaintiff picked up the pace of her filings by initiating twenty new cases in this Court. In each case, she sought to file *in forma pauperis*, or without payment of fees. Each of those twenty new cases was dismissed on initial screening as frivolous and/or for lack of subject matter jurisdiction. Based on Plaintiff's prior frivolous filings and volume of new frivolous cases, she was again formally warned in each case (sometimes more than once) that she would be declared a vexatious litigator subject to pre-filing restrictions should she persist in filing frivolous cases. *See*, *e.g.*, Case No. 1:25-cv-41-DRC-SKB (case dismissed with prejudice on 4/10/25, Franklin formally warned "that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief…, the Court will declare her a vexatious litigator," notice of appeal filed 7/25/25); No. 1:25-cv-42-DRC-KLL (case dismissed with prejudice as frivolous and Franklin issued vexatious warning on 5/7/25, notice of appeal filed 7/25/25); No. 1:25-cv-44-MRB-SKB (case dismissed and Franklin issued vexatious warning on 2/13/25, second vexatious warning issued on 3/24/25, appellate filing fee paid on 7/2/25, appeal pending); No. 1:25-cv-48-DRC-KLL (vexatious warning issued and case dismissed with prejudice on 4/10/25, notice of appeal filed 7.25.25); No. 1:25-cv-49-MRB-KLL (vexatious warning issued and case dismissed with prejudice on 3/24/25, notice of appeal filed 7/25/25); No. 1:25-cv-51-JPH-SKB (pending Report and

4

Recommendation ("R&R") filed 3/4/25 recommending dismissal with prejudice and issuance of vexatious warning, notice of appeal filed 7/25/25); No. 1:25-cv-52-DRC-SKB (vexatious warning issued and case dismissed on 4/11/25, notice of appeal filed 7/25/25); No. 1:25-cv-58-SJD-SKB (vexatious warning issued and case dismissed without prejudice for lack of subject matter jurisdiction on 5/1/25, notice of appeal filed 7/25/25); No. 1:25-cv-59-JPH-SKB (pending R&R filed 3/4/25 recommending dismissal with prejudice and issuance of vexatious warning, notice of appeal filed 7/25/25), No. 1:25-cv-60-DRC-KLL (vexatious warning issued and case dismissed with prejudice on 3/31/25, first appeal dismissed 5/23/25 for want of prosecution, new notice of appeal filed 7/25/25)[2]; No. 1:25-cv-65-DRC-KLL (vexatious warning issued and federal claims dismissed with prejudice with state claim dismissed without prejudice on 4/10/25, notice of appeal filed 7/25/25); No. 1:25-cv-77-MRB-SKB (vexatious warning issued and case dismissed with prejudice on 3/24/25, notice of appeal filed 7/25/25); No. 1:25-cv-78-DRC-KLL (vexatious warning issued and case dismissed with prejudice on 4/11/25, notice of appeal filed 7/25/25); No. 1:25-cv-79-MWM-KLL (vexatious warning issued and case dismissed with prejudice on 4/8/25, notice of appeal filed 7/25/25); No. 1:25-cv-80-JPH-KLL (vexatious warning issued and case dismissed with prejudice on 4/2/25, first appeal dismissed for lack of jurisdiction on 4/28/25, new notice of appeal filed 7/25/25); No. 1:25-cv-82-MWM-KLL (vexatious warning issued and case dismissed with prejudice on 3/26/25, notice of appeal filed 7/25/25); No. 1:25-cv-83-SJD-KLL (vexatious warning

---

[2] In the interests of judicial economy, U.S. District Judge Cole directed the Clerk to treat any and all future filings by Plaintiff "as related to this case, No. 1:25-cv-60, and thus assign them to the undersigned," and "**NOT TO ACCEPT** more than two new filings by [Plaintiff]…until the Court has the opportunity to review those filings and determine whether they are frivolous or fail to state a claim upon which relief may be granted…." (*Id.*, Doc. 7 at PageID 61, emphasis original.)

5

issued and case dismissed with prejudice on 4/24/25, notice of appeal filed 7/25/25); No. 1:25-cv-86-MWM-SKB (vexatious warning issued and case dismissed with prejudice on 4/8/25, notice of appeal filed 7/25/25); No. 1:25-cv-87-JPH-KLL (pending R&R filed 3/10/25 recommending dismissal with prejudice and issuance of vexatious warning, notice of appeal filed 7/25/25); No. 1:25-cv-88-JPH-SKB (pending R&R filed 2/25/25 recommending dismissal and issuance of vexatious warning, notice of appeal filed 7/25/25).

**B. Plaintiff's Newest Case is Frivolous and Warrants Sanctions**

By separate Order, the undersigned has conditionally granted Plaintiff's application to proceed without payment of a filing fee. Under the referenced screening standards, the undersigned now recommends that Plaintiff's lawsuit be dismissed for lack of federal subject matter jurisdiction and for failure to state any plausible claim.

This Court routinely warns pro se litigants who file multiple cases that are deemed to be frivolous under 28 U.S.C. § 1915 screening standards that continuing the same course of conduct may result in the imposition of pre-filing sanctions and/or a declaration that their filings are "vexatious." To date, this Court has either dismissed or recommended summary dismissal of 24 of Plaintiff's prior lawsuits. Due in part[3] to the sheer volume of Plaintiff's filings within a short span of time, the Court has had little recourse to stem the

---

[3]Plaintiff's use of different first and last names made it more difficult for this Court to track her cases. For example, Plaintiff routinely uses variations of "Charlotte" or "Queen" as a first name and either "Franklin" or "Franklin-Samuels" as a surname. In the above-captioned case, Plaintiff uses the name "Queen *Mother* Charlotte Franklin." Also, Plaintiff routinely leaves blank a section of the standard complaint form that specifically asks her to list her previous cases, including "the case number and caption" of each lawsuit in which she previously appeared. The referenced query is designed to assist the Court in more readily identifying duplicitous lawsuits and/or vexatious litigants, and an omitted or incomplete response frustrates that purpose. In the above-captioned complaint, she has listed only one of prior lawsuits: No. 1: 24-cv-524. (See Doc. 1-1, PageID 7).

6

tide of frivolous cases than to issue standard "vexatious" warnings. At this juncture, Plaintiff has been issued those warnings **at least 22 times**.

Plaintiff's last frivolous case was filed on February 11, 2025. Over the past five and a half months, this Court held out some small hope that Plaintiff at last had understood its many warnings. But based on Plaintiff's most recent filing, it appears that she is incapable of refraining from filing factually and legally frivolous federal cases.

Once again, the undersigned finds Plaintiff's complaint to be frivolous under screening standards, and devoid of any basis for federal subject matter jurisdiction. Plaintiff arguably names two Defendants: "Jackie Johnson" and "her mother Lorain." (Doc. 1-1, PageID 4:)[4] And as she has done previously, Plaintiff has checked every possible box on the complaint form in her assertion of subject matter jurisdiction, indicating both that she is filing a civil rights lawsuit that arises under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, and that she is invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1-1, PageID 5).[5]

As with other handwritten complaints Plaintiff has filed, the complaint is difficult to decipher and sometimes illegible. But the undersigned believes Plaintiff's "Statement of Claim" states as follows:

> Her mother Lorain I would bake her a cake out of my health card. I gave Jackie $600$^{00}$ on the 3rd of July where she say I would have to pay over $1600. When I ask for how much was my rent she says I would have to ask my case manager. Case manager Ms. Julie [illegible] me on the 7-23-25 she wants 80% of my check because was denied Medicaid. I did appeal J.F.S. waiting hearing date. Appealed on 7-23-25 then I am [illegible] J.F.S.

---

[4] Upon receipt of the complaint, the docketing clerk initially identified "Jackie Johnson" as the sole defendant. Construed liberally, however, the undersigned concludes that the complaint attempts to name Jackie's mother as a second defendant.

[5] While the civil cover sheet is not technically part of her pleading, Plaintiff states on that cover sheet that she is filing a real property case involving land condemnation, that her complaint is a class action, and that she is seeking "8 million." (Doc. 1-2, PageID 8.)

7

> on the given dated. Jackie says I have to go on the [illegible] of July. I refused to go. For the Lord Jesus says to me Wait! I have to obey!

(Doc. 1-1, PageID 6.) In the "Relief" section, which asks the plaintiff to "state (write) briefly exactly what you want the court to do for you," Plaintiff writes:

> Ms. Jackie wants me to give her 80% of my retirement check each month for living in one of her homes…. I was only getting one or two meals at the resident and I had to provide with my limited Health Card when her mother would take me to the store and purchase food items for her also and ask me to ran over other customers in Kroger's with their riding machine. I refused once at the beginning rent was done on the 5th then she says the 1st. Therefore would only get one on Wed. Sat. Then she unplug the T.V. Then I get deathly sick with constumtion!

(Doc. 1-1, PageID 7.) (spelling and punctuation original).

From the face of the complaint, this Court lacks diversity jurisdiction because Plaintiff identifies both herself and both Defendants as residents or citizens of Ohio.

To the extent that any federal jurisdiction exists, it would have to arise under the civil rights statute or 28 U.S.C. § 1331. "To state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F. Supp. 2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Here, Plaintiff does not allege that either of the Defendants is a person acting under color of state law. In addition, even if either Defendant were somehow subject to suit under § 1983 or some other federal civil rights law, Plaintiff fails to identify any conceivable federal law or constitutional claim. In short, her allegations amount to nothing "more than … unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Thus, the undersigned recommends the sua sponte dismissal of Plaintiff's twenty-fifth lawsuit in this Court.

Given the number of times in which Plaintiff previously has been warned that she would be deemed to be a vexatious litigant subject to pre-filing restrictions should she persist in filing *any* additional lawsuits that are subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B), the undersigned strongly recommends that the Court make the necessary declaration at this time and impose sanctions. Every frivolous lawsuit that is filed taxes scarce judicial resources and necessarily detracts from this Court's administration of justice in presiding over legitimate non-frivolous cases. This case provides yet another example. The undersigned expended significant time reviewing the case histories of each of Plaintiff's prior 24 lawsuits, as well as in attempting to decipher and liberally construe the allegations contained in the instant case.

When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was

9

using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

For vexatious or abusive litigators who fail to heed repeated warnings, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. Thus, courts have restricted such pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court,* 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger,* No. C–1–00–794, 2001 WL 1842462, *6 (S.D. Ohio Apr. 26, 2001) (requiring prefiling certification by attorney or a magistrate judge). In determining the appropriate restriction to be imposed on Plaintiff here, the undersigned concludes that she should have to provide a certification from an attorney to minimize the further waste of scarce judicial resources.

### C. Plaintiff's tendered Notice of Appeal Should be Stricken

In addition to her new complaint, Plaintiff has tendered a Notice of Appeal in the above-captioned case. The referenced Notice states that Plaintiff is appealing a final judgment dated "July 3" of this year in this case, while confusingly and simultaneously referring to the date of "Aug 1, 2025" as the date of an order from which she seeks to appeal. Neither date is correct. Because the complaint has only been accepted for filing

by separate Order filed this day, there are no judicial rulings in this case dated either July 3 or August 1, 2025. Nor are there other judicial rulings in this case to which the Notice could pertain. And unless the presiding district judge adopts this Report and Recommendation as the opinion of the Court, any Notice of Appeal puts the cart ahead of the horse and is premature.

Rule 12(f), Fed. R. Civ. P. permits a court to strike "on its own," as well as on the motion of a party, "any redundant, immaterial, impertinent, or scandalous matter." See Rule 12(f)(1). In the case presented, Plaintiff's "Notice of Appeal" was tendered a part of her initial pleading but is immaterial. Therefore, it should be stricken.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. All claims contained in the above-captioned complaint should be **DISMISSED without prejudice** for lack of federal subject matter jurisdiction;

2. The "Notice of Appeal" that was tendered with the complaint should be stricken from the record under Rule 12(f), Fed. R. Civ. P. as , or alternatively, should be construed as no more than an exhibit to the complaint;

3. Based on the number of cases for which this Court has recommended sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B), Plaintiff should be declared to be a vexatious litigator at this time;

4. In view of Plaintiff's failure to heed this Court's numerous prior warnings, Plaintiff should be **ENJOINED AND PROHIBITED** from filing any additional complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

a) any motion or document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint as well as a copy of this Report and Recommendation;

b) the tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted;

c) the complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed *in forma pauperis;*

5. The Clerk of Court should be specifically **DIRECTED** not to open any new civil cases in Plaintiff's name (or any variation of said name) <u>absent full compliance with the above restrictions</u>, and should be instructed to dispose of such documents accordingly;

6. Pursuant to 28 U.S.C. § 1915(a)(3), the Court should certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis.*


     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| QUEEN MOTHER CHARLOTTE FRANKLIN, | Case No. 1:25-cv-517 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| JACKIE JOHNSON, et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).