UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUEEN MOTHER CHARLOTTE
FRANKLIN,

        Plaintiff,

  v.

JACKIE JOHNSON,

        Defendant.

Case No. 1:25-cv-517

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

Plaintiff Queen Mother Charlotte Franklin (f/k/a Queen Charlotte Franklin) has filed more than twenty pro se cases in this Court since the beginning of the year (along with a few others in years past).[1] Franklin, who has proceeded in forma pauperis (IFP) in each of them, has received repeated warnings that continuing to file frivolous lawsuits would result in the Court declaring her a vexatious litigator. This case brings those warnings to fruition.

The Magistrate Judge assigned to this matter, exercising her screening authority under 28 U.S.C. § 1915(e)(2)(B), issued a Report and Recommendation. (R&R, Doc. 4). That R&R is now before the Court. It recommends that the Court (1) dismiss Franklin's Complaint, (Doc. 3), without prejudice due to lack of subject-matter jurisdiction, (2) declare Franklin a vexatious litigator, and (3) enjoin her from initiating any new civil cases in the Southern District of Ohio, unless she first fulfills

---

[1] Those cases, all filed in this District, include: 1:22-cv-775; 1:24-cv-524; 1:24-cv-610; 1:24-cv-611; 1:25-cv-41, 1:25-cv-42, 1:25-cv-44, 1:25-cv-48, 1:25-cv-49, 1:25-cv-51, 1:25-cv-52, 1:25-cv-58, 1:25-cv-59, 1:25-cv-60, 1:25-cv-65, 1:25-cv-77, 1:25-cv-78, 1:25-cv-79, 1:25-cv-80, 1:25-cv-82, 1:25-cv-83, 1:25-cv-86, 1:25-cv-87, 1:25-cv-88. And now this case.

certain prefiling conditions. (Doc. 4, #32–33). For the reasons briefly discussed below, the Court **ADOPTS** the R&R (Doc. 4) in full.

As mentioned, Franklin is a frequent filer in this Court. *See supra* note 1. Unfortunately, her complaints are marked both by their illegibility (her complaints are written in somewhat-difficult-to-decipher longhand) and incomprehensibility (the allegations simply fail to make sense). In the R&R, the Magistrate Judge comprehensively detailed those cases, and their lack of merit, so the Court opts not to fully recount them here. (*Id.* at #24–27). But in short, the Court has either dismissed, or a magistrate judge has recommended summary dismissal in pending R&Rs of,[2] some twenty-four lawsuits that Franklin has filed—twenty since the start of 2025 alone. (*Id.* at #27). Perhaps unsurprisingly in light of that track record, the Court has also warned Franklin (some twenty-two times) that it would declare her a vexatious litigator should she continue filing frivolous complaints.[3] *See, e.g., Franklin v. U.S. Postal Serv.*, No. 1:25-cv-60, 2025 WL 957556, at *1 (S.D. Ohio Mar. 31, 2025) (formally warning "Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will declare her a vexatious litigator"). Still, like the Magistrate Judge in this matter,

---

[2] In some of those cases, the R&Rs remain pending because Franklin filed notices of appeal before the district court judge could rule on the R&R. (*See, e.g.*, Notice of Appeal, *Franklin v. Talbert House Crisis et al.*, No. 1:25-cv-88 (S.D. Ohio July 25, 2025), Doc. 6).

[3] Because she had filed the twenty cases this year so rapidly, she had not yet received the warnings provided in the earlier cases at the time she filed the later cases. So the Court concluded it could not properly hold those warnings against her with regard to her filing of the later cases. That said, she filed *this* case after receiving all of those warnings.

until now the Court had "held out some small hope that [Franklin] at last had" heeded the Court's many warnings. (Doc. 4, #28). This suit dashes those hopes.

Franklin filed the present lawsuit on July 25, 2025, once again seeking leave to proceed IFP. (Doc. 1). The Magistrate Judge conditionally granted Franklin leave to do so, (Doc. 2), and screened Franklin's Complaint under 28 U.S.C. § 1915(e)(2)(B), (Doc. 4). The Complaint, which like many of Franklin's previous complaints is difficult to follow, discusses Franklin's interactions with Defendants Jackie Johnson and Johnson's mother, Lorain.[4] (Doc. 3, #18). (Because both Johnson and her mother share the same last name, the Court will refer to them by their first names.)

Franklin starts her Complaint by stating that she "would bake [Lorain] a cake out of [her] health card." (*Id.*). But that is the last we hear about Lorain or the cake. The remainder of the Complaint concerns Jackie, who may be (it's by no means clear) Franklin's landlord. Franklin discusses giving Jackie $600, which appears to be for rent; Jackie asking Franklin "to go" at some point in July; and Jackie asking for "80% of [Franklin's] retirement check each month for living in one of her homes." (*Id.* at #18–19). Franklin says that she "refused to go" because "the Lord Jesus says to me Wait! I have to obey!" (*Id.* at #18). Perhaps because Franklin "refused to go," or maybe because Franklin did not pay rent, Jackie unplugged Franklin's television, after which Franklin got "deathly sick with constumtion [sic]." (*Id.* at #18–19). While her Complaint makes no discernible request for relief, on the civil cover sheet

---

[4] The docket suggests that Franklin names only Jackie Johnson as a defendant. In fact, as the Magistrate Judge noted in the R&R, Franklin named both Johnsons, Jackie and Lorain. (Doc. 4, #28 n.4).

accompanying that Complaint, Franklin identifies this as a class action and says that she seeks $8 million. (Doc. 3-1, #20). Covering her bases, Franklin also attached a Notice of Appeal with her Complaint. (Doc. 3-2).

The Magistrate Judge recommends the Court dismiss Franklin's Complaint because the Court lacks subject-matter jurisdiction. (Doc. 4, #29–30). First, the R&R concludes that the Court does not have diversity jurisdiction because, as the Complaint states, Franklin and Defendants are all citizens of Ohio. (*Id.* at #29; *see* Doc. 3, #16–17). Next, it concludes that federal question jurisdiction is lacking as well, as Franklin "fails to identify any conceivable federal law or constitutional claim." (Doc. 4, #29). And absent one or the other, the Court lacks subject-matter jurisdiction.

But the R&R did not stop there. Because every frivolous lawsuit that Franklin filed has taxed this Court's scarce judicial resources, thereby imposing costs on other litigants in other matters, the R&R also recommends the Court declare Franklin a vexatious litigant and impose prefiling restriction on her—i.e., that the Court now levy the consequences that it previously warned Franklin would be coming. (*Id.* at #30–31).

In addition to offering these recommendations, the R&R advised Franklin that she had fourteen days to object to the R&R. (*Id.* at #34). That deadline has since passed,[5] and Franklin did not object. So the Court reviews the R&R only for clear

---

[5] In addition to the fourteen days the Magistrate Judge allowed for Franklin to respond, Franklin also would have been afforded three additional days to respond under Federal Rule of Civil Procedure 6(d) since the Magistrate Judge sent the R&R to her by regular mail. (*See* Doc. 4). So Franklin's deadline to object was August 18, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) (explaining that if a deadline falls on a Sunday, as here, the deadline extends "until the end of the next day").

4

error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases); Fed. R. Civ. P. 72(b) (advisory committee notes).

Having reviewed the R&R, the Court concludes that the Magistrate Judge did not commit clear error. The Court agrees there is no basis for jurisdiction here.[6] That finding alone compels dismissal. *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *1 (S.D. Ohio Jan. 10, 2022) ("[T]he vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction."). Article III courts, after all, are courts of limited jurisdiction; they simply have no power to decide cases that fall outside of their jurisdictional purview. Moreover, even if the Court did have jurisdiction, it would dismiss Franklin's Complaint for failure to state a claim. This Complaint, like many of Franklin's earlier ones, does not include a coherent narrative, nor does it provide the Court any basis on which to infer any legally viable claim from the scattershot allegations Franklin includes.

Given that Franklin has filed yet another frivolous lawsuit, and in light of the Court's many past warnings to her, the Court also agrees with the R&R that the time has come to impose restrictions on her future filings. True, the Court cannot "absolutely foreclose[]" Franklin from initiating an action merely because she has "abused the legal process"; but the Court may impose prefiling restrictions on her to prevent her from initiating yet more frivolous or vexatious lawsuits. *Ortman v.*

---

[6] No, simply checking all the boxes under the subject-matter jurisdiction section and listing "ALL United States Code" does not fill the bill. (*See* Doc. 3, #17).

*Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Stewart v. Fleet Fin.*, 229 F.3d 1154, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (Table) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions."). While the Court does not take this step lightly, it concludes that such restrictions are warranted here—every frivolous filing requires the Court to expend judicial resources that would be better directed at non-frivolous suits. Accordingly, as further described below, the Court will order the Clerk's Office to reject any future complaints from Franklin unless she first complies with various restrictions, including most notably obtaining a certification from an attorney who is a member in good standing of this Court's bar (or the bar of the attorney's jurisdiction) that the complaint she intends to file is non-frivolous.

That leaves the Court with one final issue to address. As noted, Franklin also tendered a Notice of Appeal with her Complaint, in which she claims to appeal the (then-non-existent) final judgment in this matter. (Doc. 3-2). As the Magistrate Judge observed, the Court may "on its own" "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1). Under that rule, "[a]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *U.S. Diamond & Gold v. Julius Klein Diamonds*

6

*LLC*, No. C-03-06-371, 2007 WL 1026421, at *11 (S.D. Ohio Mar. 29, 2007). Given that the Notice was attached to Franklin's Complaint and plays "no essential or important" role to her (frivolous) claims, the Court will strike the document.[7] *Id.* That said, if Franklin now wishes to appeal the judgment in this matter, she is of course free to re-file a notice of appeal (identifying this final judgment). *See* Fed. R. App. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken").

In sum, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** the matter **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); *Howard*, 2022 WL 92462, at *1. The Court also **CERTIFIES** that an appeal of this Order would not be made in good faith under 28 U.S.C. § 1915(a)(3) and therefore **DENIES** Franklin leave to appeal IFP. Of course, as a non-prisoner, she nonetheless may apply directly to the Sixth Circuit Court of Appeals for leave to

---

[7] While one could perhaps argue that the Court should construe Franklin's Notice of Appeal as a premature notice that "relates forward to the date" this Court enters final judgment (i.e., today), the Sixth Circuit has explained such relation forward occurs only in limited circumstances. *See Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 611–12 (6th Cir. 2024). In *Greer*, for example, plaintiff's notice of appeal identified a grant of partial summary judgment in favor of defendants that the court docketed before later entering final judgment. The Sixth Circuit explained that "when the district court 'announces the disposition of fewer than all claims and a notice of appeal is filed referencing that disposition, the notice can relate forward to effect an appeal from that disposition as encompassed in a subsequent final judgment disposing of all claims against all parties.'" *Id.* at 611. Necessary to that determination, of course, was the existence of an earlier "disposition" from the district court that ended up incorporated into the final judgment. Here, by contrast, there was no disposition, i.e., decision—final or otherwise—at the time she filed her Complaint, meaning the earlier Notice of Appeal could not have been directed to a non-final decision. Rather, it was simply not directed at anything at all. Accordingly, the Court finds Franklin's Notice does not relate forward to the judgment that will be entered as a result of this decision. Ultimately, though, that is a question for the Sixth Circuit.

7

proceed IFP in that court. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Relatedly, the Court **STRIKES** Franklin's Notice of Appeal (Doc. 3-2) from the record. Finally, the Court **DECLARES** Franklin, under any name she uses,[8] a **VEXATIOUS LITIGANT** and **ENJOINS AND PROHIBITS** her from filing any additional complaints, or otherwise initiating any new civil case in the Southern District of Ohio, unless:

1. The motion or document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint as well as a copy of this Order along with a copy of the Magistrate Judge's R&R, (Doc. 4);
2. Franklin submits to the Clerk a certification from an attorney who is a member in good standing of the bar of this Court (or of their respective jurisdiction) that the tendered complaint is non-frivolous; and
3. The tendered complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed in forma pauperis.

Consistent with the above, the Court **DIRECTS** the Clerk to (1) enter judgment and **TERMINATE** this case on its docket, and (2) not to open any new civil cases in Franklin's name (or any variations of her name as described in this Order) absent full compliance with all three prefiling restrictions above.

---

[8] Including any variations and combinations of "Charlotte," "Queen," and "Mother" as a first name, and "Franklin" or "Franklin-Samuels" as a surname. The Clerk may also flag other similar names accompanying filings with Franklin's distinctive handwriting.

SO ORDERED.

August 22, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**